## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS


**STEVEN E. HILL,**

      **Plaintiff,**

      **v.**                                        **CASE NO.  16-3220-SAC-DJW**

**FORT LEAVEENWORTH UNITED STATES**
**DISCIPLINARY BARRACKS, et al.,**

      **Defendants.**


## NOTICE AND ORDER TO SHOW CAUSE

Plaintiff Steven E. Hill is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

**I.  Nature of the Matter before the Court**

This matter is a *Bivens*-type[1] civil rights action filed *pro se* by a prisoner currently incarcerated at Forrest City FCI in Forrest City, Arkansas.  Plaintiff filed an Application to Proceed without Prepayment of Fees (Doc. 2).  The Court issued a Notice of Deficiency (Doc. 3) to Plaintiff, advising Plaintiff that he failed to submit the financial information required to support his motion and ordering him to submit his account statement for the appropriate six-month period.   The Court has examined the motion to proceed *in forma pauperis* and provisionally grants the motion.  Plaintiff will be directed to supplement the motion with his six-month account statement.

---

[1] *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

Plaintiff's Complaint is based on an incident that occurred during his transport from the United States Disciplinary Barrack, Fort Leavenworth, Kansas ("USDB") by military personnel. Plaintiff names as defendants USDB and three unknown military soldiers.  Plaintiff alleges that after a series of blackouts and seizures, he was transported by van to the hospital, accompanied by three unknown military escorts.  The military escorts failed to secure Plaintiff with a seatbelt, and Plaintiff was injured when the driver drove off the road to get around a gate.  Plaintiff was thrown from one side of the van to the other when the van reentered the paved road.  Plaintiff hit his head, neck and face, but was not checked for a "new concussion."  As Count I, Plaintiff claims "negligence per se" for failure to properly restrain him or use a seatbelt, failure to stay on an approved route, and reckless driving.  As Count II, Plaintiff alleges "failure to use seatbelt on defenseless inmate."  As Count III, Plaintiff alleges "failure to stay on approved route" and reckless endangerment.  Plaintiff seeks $50,000 in damages.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint,

however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

## III. DISCUSSION

In *Feres v. United States*, 340 U.S. 135 (1950), the United States Supreme Court determined that the Federal Tort Claims Act did not operate as a waiver of sovereign immunity in an action brought by active-duty military personnel.  The Court held that the federal government "is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." *Id.* at 146.

Federal courts have extended the "incident to service" test to bar other damages actions against military personnel.  In *Chappell v. Wallace*, 462 U.S. 296 (1983), the Court applied the *Feres* doctrine to bar constitutional claims brought pursuant to *Bivens*, holding "that enlisted military personnel may not maintain a suit to recover damages from a superior officer for alleged constitutional violations." *Chappell*, 462 U.S. at 305; *see also United States v. Stanley*, 483 U.S. 669, 681 (1987) ("Today, no more than when we wrote *Chappell*, do we see any reason why our judgment in the *Bivens* context should be any less protective of military concerns than it has been with respect to FTCA suits, where we adopted an 'incident to service' rule.").

Plaintiff's apparent status as a military prisoner dictates that his claims concerning his injuries during transport and the failure to receive medical care following the incident, arise incident to military service.  In *Ricks v. Nickels*, 295 F.3d 1124 (10th Cir. 2002), the Tenth Circuit noted that:

> At the time he filed the original complaint, Ricks was serving his sentence at the USDB in Fort Leavenworth, Kansas.  The USDB is the Army Corrections System

> maximum custody facility and provides long-term incarceration for enlisted and officer personnel of the armed forces.  No civilians are confined at the USDB.  The USDB is run by the Commandant, a United States Army military police officer.  Military police serve as correctional officers at the USDB, which does not employ civilian guards.  At the time of the complaint, all named Defendants were active duty members of the United States Army, serving in their official capacities as Commandant, noncommissioned officers, guards, and administrative support for the USDB.

*Id.* at 1126 (rejecting military prisoner's *Bivens* claim under *Feres* doctrine; plaintiff, although discharged, remained subject to the Uniform Code of Military Justice).  The Court held that Ricks' alleged injuries stemmed from his "military relationship such that it is 'incident' to his military service, where he was convicted in a military court for offenses committed during active duty; was confined in a military institution commanded and operated by military personnel, subject to the USDB's rules and regulation; and was subject to the UCMJ and could be tried by court-martial for offenses during incarceration.   Likewise, Plaintiff's claim for monetary damages is "incident to military service" and therefore barred by the *Feres* doctrine.

## IV.  Response Required

For the reasons stated herein, it appears that this action is subject to dismissal in its entirety.  Plaintiff is therefore required to show good cause why his Complaint (Doc. 1) should not be dismissed for the reasons stated herein.  The failure to file a timely, specific response waives de novo review by the District Judge, *see Thomas v. Arn*, 474 U.S. 140, 148–53 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Col. Dept. of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999).

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **April 28, 2017**, in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint (Doc. 1) should not be dismissed for the reasons stated herein.

   **IT IS FURTHER ORDERED** that Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is **provisionally granted**. Plaintiff is directed to submit a certified copy of the trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the Complaint, within **fourteen (14) days** of receipt of this Order.

   **IT IS SO ORDERED**.

   **Dated in Kansas City, Kansas, on this 13th day of March, 2017.**


                              <u>**s/ David J. Waxse**</u>
                              **David J. Waxse**
                              **U. S. Magistrate Judge**