IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEVEN E. HILL,

    **Plaintiff,**

    v.                              CASE NO. 16-3220-SAC-DJW

FORT LEAVEENWORTH UNITED STATES
DISCIPLINARY BARRACKS, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

This matter is a *Bivens*-type[1] civil rights action filed *pro se* by a prisoner currently incarcerated at Forrest City FCI in Forrest City, Arkansas. Magistrate Judge Waxse issued a Notice and Order to Show Cause (Doc. 6) ("NOSC"), ordering Plaintiff to show cause why this action should not be dismissed as barred by the *Feres*[2] doctrine. Plaintiff filed a Response (Doc. 12) and a Motion for Discovery (Doc. 13).

**I. Nature of the Matter before the Court**

Plaintiff's Complaint is based on an incident that occurred during his transport from the United States Disciplinary Barrack, Fort Leavenworth, Kansas ("USDB") by military personnel. Plaintiff names as defendants USDB and three unknown military soldiers. Plaintiff alleges that after a series of blackouts and seizures, he was transported by van to the hospital, accompanied by three unknown military escorts. The military escorts failed to secure Plaintiff with a seatbelt, and Plaintiff was injured when the driver drove off the road to get around a gate. Plaintiff was

---

[1] *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).
[2] *Feres v. United States*, 340 U.S. 135 (1950).

thrown from one side of the van to the other when the van reentered the paved road. Plaintiff hit his head, neck and face, but was not checked for a "new concussion." As Count I, Plaintiff claims "negligence per se" for failure to properly restrain him or use a seatbelt, failure to stay on an approved route, and reckless driving. As Count II, Plaintiff alleges "failure to use seatbelt on defenseless inmate." As Count III, Plaintiff alleges "failure to stay on approved route" and reckless endangerment. Plaintiff seeks $50,000 in damages.

## II. DISCUSSION

As set forth in the NOSC, because Plaintiff's apparent status as a military prisoner dictates that his claims concerning his injuries during transport and the failure to receive medical care following the incident, arise "incident to military service," his claims are barred by the *Feres* doctrine. *See Feres v. United States*, 340 U.S. 135, 146 (1950) (holding that the federal government "is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service"); *Chappell v. Wallace*, 462 U.S. 296, 305 (1983) (applying *Feres* doctrine to bar constitutional claims brought pursuant to *Bivens*, holding "that enlisted military personnel may not maintain a suit to recover damages from a superior officer for alleged constitutional violations"); *United States v. Stanley*, 483 U.S. 669, 681 (1987) ("Today, no more than when we wrote *Chappell*, do we see any reason why our judgment in the *Bivens* context should be any less protective of military concerns than it has been with respect to FTCA suits, where we adopted an 'incident to service' rule."); *Ricks v. Nickels*, 295 F.3d 1124, 1126 (10th Cir. 2002) (rejecting military prisoner's *Bivens* claim under *Feres* doctrine; plaintiff, although discharged, remained subject to the Uniform Code of Military Justice); *Tootle v. USDB Commandant*, 390 F.3d 1280, 1282–83 (10th Cir. 2004) (following *Ricks* and concluding that the *Feres* doctrine barred plaintiff's claim under *Bivens,* predicated

upon the alleged sub-standard medical care treatment he had received while incarcerated at the USDB).

In his Response, Plaintiff claims that the Court has jurisdiction pursuant to 28 U.S.C. § 1346(g), 3 U.S.C. § 401, and 31 U.S.C. § 3723. Section 1346(g) provides that "[s]ubject to the provisions of chapter 179, the district courts of the United States shall have exclusive jurisdiction over any civil action commenced under section 453(2) of title 3, by a covered employee under chapter 5 of such title." Chapter 5 of title 3 defines a "covered employee" as an employee of the Executive Office of the President, the Executive Residence at the White House, and the official residence (temporary or otherwise) of the Vice President. 3 U.S.C. § 401(a). Section 3723 provides that small claims—for not more than $1,000—for privately owned property damage or loss may be presented to the head of an agency (except a military department of the Department of Defense or the Coast Guard) for settlement by the agency head. Nothing in Plaintiff's Response provides good cause as to why this action should not be dismissed as barred by the *Feres* doctrine. Accordingly,

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Discovery (Doc. 13) is **denied.**

**IT IS FURTHER ORDERED** that this case is **dismissed** as barred by the *Feres* doctrine.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 21st day of June, 2017.**

s/ Sam A. Crow
**Sam A. Crow**
**U.S. Senior District Judge**